```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

```
CONCHITA WASHINGTON            §
                               §
                               §
VS.                            §   CIVIL ACTION NO.4:05-CV-571-Y
                               §
UNITED STATES OF AMERICA, et al.§
```

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT and, ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b)

This case is before the Court for review of pro-se FMC--Carswell inmate and plaintiff Conchita Washington's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Although the Court previously denied Washington's motion for preliminary injunction, she was afforded the opportunity to file an amended complaint. The court extended the deadline, and within the extended time, Washington mailed a motion for leave to amend complaint, which was filed on May 16, 2006, along with a completed complaint form and two volumes of a "supporting appendix." On May 24, Washington filed volume three of the "supporting appendix," and on May 31, volume four. After review and consideration of the motion for leave to amend, the Court concludes that it should be granted to the extent that the Court will consider and review all of Washington's filings as pleadings under the screening provisions. Thus, the Court has considered Washington's May 16 amended complaint, her May 16 "affidavit for injunctive relief," along with the May 16 supporting appendix volumes one and two, the May 24 supporting appendix volume three, and the May 31 supporting

appendix volume four.

Plaintiff Washington names as the defendants in this action the Federal Bureau of Prisons (BOP), and the United States of America.[1] (Compl. Style; § IV(B).) Plaintiff Washington complains that the BOP and the United States of America breached a promise to her, made through an assistant United States attorney at her sentencing, that she would be provided the "best care in the country." Washington claims that she has been deprived of meals; deprived of an assigned room for her particular medical conditions; exposed to sudden temperature changes, including assignment to a room without heat and the air conditioning blowing directly on her; deprived of bathing facilities and forced to bathe out of a foot pan; exposed to allergens that triggered asthma; and subjected to actions that caused deformities in her bones. (Compl. § V.) She alleges that such actions amount to violations of her rights under the Eighth and Fourteenth Amendments to the Constitution. (Compl. § V.) Washington's appendix one contains copies of numerous different grievances and the responses thereto on her allegations of exposure to life-threatening allergies to soaps, chemicals,

---

[1] Although Washington lists Harley Lappin along side her naming of the Bureau of Prisons, her handwritten attachment pages make clear that she intends as defendants only the Bureau of Prisons and the United States of America. (Compl. § IV attachment page 3-A.) She also identifies only these two defendants in her motion for leave to amend complaint. (May 16, 2006, Motion for Leave, at 1.) Washington complains of the actions of several other individuals in her May 16 affidavit, but she does not list them as defendants nor does she request particular relief from any of these individuals.

2

detergents, liquids, solids, and fumes.[2] Appendix two contains copies of grievances and responses related to the alleged failure to provide proper care for her ankles, bones, and feet, and to her requests for chelation therapy.[3] Appendix three includes copies of Washington's grievances and responses thereto related to her claims of inadequate gynecological care and evaluation, and deprivation of meals and snacks.[4] Appendix four includes copies of grievances and responses thereto related to Washington's claims that she has Raynaud's disease and been improperly treated.[5] In total, Washington's appendices include 207 copies of papers of grievances and responses related to at least 20 separate administrative complaints. Washington seeks permanent injunctive relief regarding the provision of medical care to her by physicians licensed in the State of Texas. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[6] Under 28

---

[2]Including administrative remedy numbers 291946, 291958, 291945, 314181, 313682, 284723, and 300021.

[3]Including administrative remedy numbers 293012, 335439, 329430, 305583, 203341, and 291959.

[4]Including administrative remedy numbers 329430, 329350, and 341495.

[5]Including administrative remedy numbers 291944, 291952, 348264, 319002, and 319009.

[6]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

3

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[7] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[8] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[9] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[10] After review and consideration of Washington's claims as asserted in the amended complaint and appendices, the Court finds that they must be dismissed under the authority of these provisions.

As noted above, Washington alleges that the defendants breached a promise to her to provide medical care for her recognized needs, and have refused with deliberate indifference to take care of her reasonable medical needs. Washington has not set forth the common law or statutory authorization for either claim,

---

[7]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[8]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[9]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[10]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

4

but as she has named only the United States of America and the BOP as defendants, the Court will address her potential causes of action.

The United States is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit."[11] The Supreme Court has recognized that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."[12] The Federal Tort Claims Act (FTCA) provides that the jurisdiction authorized under 28 U.S.C. § 1346(b) for civil actions for loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment, is an exclusive remedy against the United States.[13] Any other tort action against a federal employee is precluded, although a civil action against a government employee brought for a violation of the Constitution is not.[14]

To the extent that Washington's naming of the United States and her allegation that the government breached a promise to her to

---

[11]*United States v. Testan,* 424 U.S. 392, 399 (1976).

[12]*Lehman v. Nakshian,* 453 U.S. 156, 161 (1981)(citations omitted).

[13]28 U.S.C.A. § 1346(b)(West Supp. 2006);28 U.S.C.A. § 2679(b)(1)(West 1994).

[14]28 U.S.C.A. §§ 2679(b)(1) and (2)(A)(West 1994).

5

provide medical care is a claim for relief under the FTCA, the Court examines the preconditions to such a suit. One of the prerequisites to filing suit under the FTCA is that the claimant must have first presented the claim to the appropriate federal agency and have obtained a written denial or else wait six months after filing for the agency decision to be deemed by law as a final denial.[15] Thereafter, any suit must be commenced within six months of the date of mailing of the notice of final denial by the agency to which it was presented.[16] This Court's subject-matter jurisdiction is conditioned upon compliance with these preconditions, and an action filed before the expiration of the six months, "cannot become timely by the passage of time after the complaint is filed. The requirement is jurisdictional and may not be waived."[17]

Specific administrative procedures for the pursuit of a tort claim within the BOP are set out in the Code of Federal Regulations.[18] Although Washington has pursued the administrative-

---

[15] 28 U.S.C.A. § 2675(a)(West 1994).

[16] 28 U.S.C.A. § 2401(b)(West 1994).

[17] *Price v. United States,* 69 F.3d 46, 54 (5th Cir. 1995), *citing McNeil v. United States,* 508 U.S. 106, 111-12 (1993), *cert. den'd,* 519 U.S. 927 (1996); and *Gregory v. Mitchell,* 634 F.2d 199, 203-04 (5th Cir. 1981).

[18] *See* 28 C.F.R. §§ 543.30-32(2006) and 28 C.F.R. § 14.1-14.11 (2006). These provisions applicable to the administrative review of a tort claim are distinct from the BOP's Administrative Remedy Program that applies to an inmate's claims relating to other aspects of their confinement. *See* 28 C.F.R. §§ 542.10, 542.12(b)(2006). The Administrative Remedy Program for inmate resolution of other claims is set forth at 28 C.F.R. §§ 542.13-542.15 (2006).

6

remedy process on many of her claims, she has not provided any copies of a tort claim against the United States, nor has she provided any indication that she obtained a final denial of a tort claim or waited six months from the filing of such a claim before filing this suit.[19] Any claim that might be construed as a claim under the FTCA must be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(b)(i) and (ii).

With regard to Washington's claim that she was subjected to deliberate indifference to her medical needs, she has expressly claimed violation of her rights under the Eighth and Fourteenth Amendments to the Constitution. Although Washington has not provided authority, the only avenue to seek relief for an alleged violation of constitutional rights against federal actors is through *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*.[20] *Bivens*, of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections and remedies for violation of constitutional rights for parties injured by state actors under § 1983 to parties injured by federal actors.[21]

---

[19] The Court observes that plaintiff Conchita Washington was informed of the different administrative exhaustion requirements applicable to different kinds of claims in a prior suit before this Court: *Washington v. Mallisham,* No.4:02-CV-878-Y (Jan. 13, 2003, Order of Dismissal at 4.) The Court takes judicial notice of its own records in this prior case.

[20] 403 U.S. 388, 297 (1971).

[21] *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."),citing *Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 110 n. 14 (5th cir. 1993).

7

Washington may bring a *Bivens* action against individual officers for an alleged constitutional violation, but she may not bring an action against the United States or the BOP.[22] Thus, Washington's claims for violation of constitutional rights against the BOP and the United States must be dismissed under 28 U.S.C. § 1915A(B)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Furthermore, and in the alternative, most of the Washington's claims of violation of constitutional rights are time barred by the applicable statue of limitations.  The Fifth Circuit has held that a *Bivens* action is controlled by the applicable state statute of limitations.[23] In Texas the applicable limitations period is two years.[24] Thus, the applicable statute of limitations period on a *Bivens* claim arising in Texas is two years.[25]  Washington's *Bivens* claims are subject to the Texas two-year personal-injury statute of limitations.

A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged

---

[22]*See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 71-72 (2001); *see also Federal Deposit Insurance Corp. V. Meyer,* 510 U.S. 471, 484-86 (1994).

[23]*See Brown v. Nationsbank Corp., et al.,* 188 F.3d 579,590 (5th Cir. 1999), *cert. den'd,* 530 U.S. 1274 (2000), *citing Alford v. United States,* 693 F.2d 498, 499 (5th Cir. 1982).

[24]*See Moore v. McDonald,* 30 F.3d  616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2006)(Texas's two-year personal injury limitations statute).

[25]*Brown,* 188 F.3d at 590, *citing Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998).

8

claims are barred by the applicable statute of limitations.[26] Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action.[27] Plaintiff raises numerous claims in this action, and most of them relate to complained-of events from several years before she filed suit. Washington knew of her alleged injuries at the time they occurred and, because of her ongoing health problems, must have been aware at or near the time of the alleged events of the purported inadequacy of her medical care. Washington did not file this suit until September 6, 2005; thus, any claims arising from alleged events prior to September 6, 2003, must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

Therefore, Washington's May 16, 2006, motion for leave to file amended complaint [docket no. 20] is GRANTED.

All of Washington's claims under the Federal Tort Claims Act are DISMISSED without prejudice to refiling if the FTCA jurisdictional precondition is satisfied, under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Washington's remaining claims against the Bureau of Prisons

---

[26]*Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993); *see also Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992)("Although the statute of limitations is an affirmative defense, a district court may properly dismiss a complaint under 28 U.S.C. § 1915(d) when it is apparent that the statute of limitations has run.")(citations omitted).

[27]*See Gartrell,* 981 F.2d at 256; *see also Daniel v. United States,* Nos. CA3:01CV0328-H,CR3:92CR029-H, 2002 WL 66160, at *2(N.D.Tex.Jan. 10, 2002).

9

and the United States of America are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED October 4, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE